NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1262
_____

UNITED STATES OF AMERICA

v.

SHAWN COLEMAN,
                    Appellant
_____


On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-10-cr-00484-001
District Judge: Honorable Jerome B. Simandle


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 20, 2013

Before: AMBRO, SMITH, *Circuit Judges*
and O'CONNOR,*Associate Justice (Ret.)*

(Filed: November 20, 2013)
_____

OPINION
_____


SMITH, *Circuit Judge.*

Appellant, Shawn Coleman, was found guilty by a jury of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 18 U.S.C. § 2. Coleman appeals his conviction and argues that the District Court erred by: (1) denying his suppression motion; (2) failing to order a new trial to remedy a *Brady* violation;[1] and (3) using a jury instruction to cure an instance of prosecutorial vouching instead of declaring a mistrial. For the reasons that follow, we will affirm.

I.

At about 2:00 AM on November 5, 2009, the Lindenwold, New Jersey Police Department received a telephone call from a resident of an apartment complex complaining that an unknown vehicle's bright lights were shining into the resident's apartment unit. Officers Arthur Hall and George Przybylski responded to the call and found the vehicle running with its high beams on and the radio playing loudly. The officers observed Coleman in the front seat of the vehicle either asleep or unconscious. The officers' attempts to rouse Coleman were unsuccessful. Because they were concerned about Coleman's unresponsiveness, they checked and discovered the doors were unlocked. Officer Przybylski opened the driver's door and shook Coleman to no avail. Officer Hall, standing on the

---

* The Honorable Sandra Day O'Connor, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.
[1] *See Brady v. Maryland,* 373 U.S. 83, 87-88 (1963).

passenger side of the car, reached over to turn off the car's engine and to check Coleman's pulse. While reaching across the car, Hall observed a firearm sticking out of the car's center console. Officer Przybylski took Coleman from the vehicle and Officer Hall secured the firearm. Coleman regained consciousness, after which Officer Przybylski placed him in handcuffs. Officer Hall asked him why he was carrying the gun and whether he was an off-duty officer or someone else permitted to carry a gun. Coleman responded that the gun was for his protection.

The officers placed Coleman in Przybylski's patrol car. Przybylski advised Coleman that he was being detained for the firearm but did not administer *Miranda* warnings at the time.[2] While driving to the police station, Przybylski was listening to the radio. After a report that the New York Yankees had lost a World Series Game to the Philadelphia Phillies, Coleman stated words to the effect that he was "having a bad night, his Yankees lost and he shouldn't have left the gun in the open like that." A87.

At the police station, Officer Przybylski advised Coleman of his *Miranda* rights and Coleman executed the *Miranda* Warnings form. Coleman indicated that he understood his rights and invoked his right to remain silent. While being fingerprinted a few minutes later, Coleman spontaneously stated: "I can't believe I left the gun there. I'm not having a good night. The Yankees lost and now this."

---

[2] *See Miranda v. Arizona*, 384 U.S. 436, 468-72 (1966).

A132. Przybylski reminded Coleman that he had previously exercised his right to remain silent and asked whether he wanted to speak with the officers. Coleman declined and said nothing more.

After Coleman was indicted for being a felon in possession of a firearm, he moved to suppress his statements and the firearm. The Government opposed the motion but noted that it would not offer Coleman's statement at the scene, which was uttered while Coleman was handcuffed and before he was administered the *Miranda* warnings.

After a hearing and supplemental briefing by Coleman and the Government, the District Court granted in part and denied in part Coleman's suppression motion. The District Court ruled: (1) that the officers' warrantless entry into Coleman's car fell within the public safety exception to the Fourth Amendment; (2) that the firearm found at the scene was legally seized under the plain view exception to the Fourth Amendment; (3) that Coleman's first statement did not satisfy the public safety exception to *Miranda* and was inadmissible; and (4) that the *Miranda* violation did not taint Coleman's subsequent two statements because those statements were uttered voluntarily and spontaneously.

A jury found Coleman guilty as charged.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

"We review the district court's denial of the motion to suppress for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the court's properly found facts." *United States v. Silveus*, 542 F.3d 993, 999 (3d Cir. 2008) (internal quotation marks and citations omitted). We apply this same standard of review to Coleman's *Brady* claim, which "presents questions of law as well as questions of fact[.]" *United States v. Perdomo*, 929 F.2d 967, 969 (3d Cir. 1991). Because Coleman objected to the line of questioning that he contends impermissibly vouched for Officer Przybylski's credibility, we review for an abuse of discretion and harmless error. *United States v. Vitillo*, 490 F.3d 314, 325 (3d Cir. 2007).

## III.

Coleman argues that the District Court should have suppressed his second and third statements, in which he admitted he had left the gun in the open. It is unnecessary for us to address whether the District Court erred in admitting these statements because the "admission of unconstitutionally obtained evidence does not warrant reversing a conviction where 'the prosecution can show that the evidence is so overwhelming that it is beyond a reasonable doubt that the verdict would have been the same without the improper evidence.'" *United States v.*

5

*Shabazz*, 564 F.3d 280, 286 (3d Cir. 2009) (quoting *United States v. Price,* 13 F.3d 711, 720 (3d Cir.1994)). Here, the second and third statements pertain solely to the element of whether Coleman knowingly possessed the firearm. *See United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000) (establishing that elements of a § 922(g)(1) offense). It is undisputed that the firearm was discovered in plain view beside Coleman in the center console of the car in which he was the sole occupant. This was sufficient to prove beyond a reasonable doubt the element of possession.

Coleman also contends that the prosecution violated its obligations under *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963), by failing to turn over statements that he could have used to impeach Officer Przyblyski at the suppression hearing. This claim lacks merit because the information, which was produced by the government immediately after receiving it days before trial, would not have impeached Officer Przybylski's credibility because it did not relate to his character for truthfulness.

Finally, Coleman asserts that he was deprived of a fair trial because the prosecution vouched for the credibility of Officer Przybylski during its direct examination of him. Coleman objected to the question and answer he cites as impermissible vouching. After hearing the parties at sidebar, the District Court struck the question and answer, and instructed the jury not only to disregard the question and answer but also to remember that they are to determine the credibility

6

of the witnesses. Because the testimony was stricken and because the Court provided an appropriate instruction to the jury, there is no basis for granting relief for impermissible vouching. *See United States v. Lee*, 612 F.3d 170, 195 (3d Cir. 2010) (concluding relief unwarranted for vouching because, *inter alia*, defendant's objection was sustained).

For the foregoing reasons, we will affirm the judgment of the District Court.